UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SATURDAY EVENING POST SOCIETY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | No. 1:22-cv-00472-RLM-DLP |

ORDER

Saturday Evening Post Society, Inc. filed suit against The Cincinnati Insurance Company in the Indiana Commercial Court of Marion County for breach of contract and declaratory relief as to the parties' rights and obligations under an insurance policy. Cincinnati Insurance removed the case to federal court, and the court granted the parties' joint motion to stay proceedings until the appeals of a state court order concluded. [Doc. No. 27]. Once that stay lifted, Saturday Evening filed this motion to stay proceedings until the appeals for another order in the same state case conclude. [Doc. No. 33]. Briefing is complete, and for the following reasons, the court denies the motion.

*Background*

Saturday Evening is a nonprofit corporation that owns several properties in the Indianapolis area, including a health and fitness facility. Between March 2020 and June 2021, Saturday Evening was required to close or limit occupancy

1

at its properties because of state and local orders issued in response to the COVID-19 pandemic, resulting in substantial losses.

Saturday Evening insured its properties through Cincinnati Insurance, and it submitted a claim for its pandemic-related losses. Cincinnati Insurance denied the claim, saying that Saturday Evening hadn't established a direct physical loss to the properties, as the insurance policy requires.

Saturday Evening filed this case. Cincinnati Insurance removed the case to federal court and filed a motion to dismiss. Saturday Evening moved to stay proceedings until the appeals on two different orders in a state court case, Indiana Repertory Theatre v. Cincinnati Casualty Company (*IRT I* and *IRT II*), concluded. The parties then filed a joint motion to stay the case until *IRT I*'s final resolution, with Saturday Evening reserving its right to request an additional stay until *IRT II* concluded. The court granted the joint motion, with the stay to lift automatically 30 days after *IRT I* concluded.

The Indiana Repertory Theatre v. Cincinnati Casualty litigation involves an insurance coverage dispute similar to the one in this case. In *IRT I*, the Indiana trial court granted partial summary judgment for Cincinnati Casualty on the meaning of the insurance policy's language "direct physical loss or direct physical damage," but it gave Indiana Repertory Theatre more time to develop evidence that the coronavirus did or could physically alter property. The court of appeals affirmed, saying that the policy language wasn't ambiguous, and Indiana Repertory Theatre's alternative interpretation (which would provide coverage for

2

the "loss of use" of its facilities) was unreasonable. Ind. Repertory Theatre v. Cincinnati Cas. Co., 180 N.E.3d 403 (Ind. Ct. App. 2022). The Indiana Supreme Court denied transfer. Ind. Repertory Theatre v. Cincinnati Cas. Co., 193 N.E.3d 372 (Ind. 2022).

Indiana Repertory Theatre introduced evidence to show the virus's effect on its property, and Cincinnati Casualty designated evidence in response. In *IRT II*, the trial court granted summary judgment for Cincinnati Casualty after determining that Indiana Repertory Theatre hadn't established that there was a genuine issue of material fact that the Covid-19 virus was capable of physically altering or damaging Indiana Repertory Theatre's property. Indiana Repertory Theatre appealed this order, and it pends in the Indiana Court of Appeals with oral arguments still to be scheduled.

*Discussion*

Saturday Evening asks the court to stay this case until the *IRT II* appeal concludes. It says the court should stay the declaratory relief claim under the Wilton/Brillhart doctrine, and it should stay the breach of contract claim under the Colorado River doctrine. *See* Wilton v. Seven Falls Co., 515 U.S. 277 (1995); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Cincinnati Insurance opposes the motion, arguing that only the Colorado River abstention doctrine applies and that abstention isn't appropriate.

3

The court of appeals has provided a test for cases involving requests for declaratory and non-declaratory relief:

> Where state and federal proceedings are parallel and the federal suit contains claims for both declaratory and non-declaratory relief, the district court should determine whether the claims seeking non-declaratory relief are independent of the declaratory claim. If they are not, the court can exercise its discretion under Wilton/Brillhart and abstain from hearing the entire action. But if they are, the Wilton/Brillhart doctrine does not apply and, subject to the presence of exceptional circumstances under the Colorado River doctrine, the court must hear the independent non-declaratory claims. The district court then should retain the declaratory claim under Wilton/Brillhart (along with any dependent non-declaratory claims) in order to avoid piecemeal litigation.

R.R. Street & Co., Inc. v. Vulcan Materials, Co., 569 F.3d 711, 716-717 (7th Cir. 2009) (footnote omitted).

Proceedings are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." Envision Healthcare, Inc. v. PreferredOne Ins. Co., 604 F.3d 983, 986 (7th Cir. 2010) (citations omitted). This inquiry focuses on "whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." Id. (quoting TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 592 (7th Cir. 2005)). The cases "need not have exactly the same parties," Cincinnati Ins. Co. v. Society Ins., No. 14-CV-1319, 2015 WL 1058649, at *6 (C.D. Ill. Mar. 5, 2015), but there must be some overlap, *see, e.g.*, Everest Nat'l Ins. Co. v. Komarek, No. 22 C 3368, 2022 WL 7102713, at * 2 (N.D. Ill. Oct. 12, 2022); Navigators Specialty Ins. Co. v. Rural King Supply, Inc., No. 19 CV 3154, 2021 WL 1199025, at *4 (C.D. Ill. Mar. 30, 2021) (finding that parties are not

4

substantially the same where the sole plaintiff in one action is absent from the other action).

Saturday Evening argues that the cases involve substantially the same parties because Cincinnati Insurance is the sole shareholder of Cincinnati Casualty, the defendant in *IRT II*. This connection is the only commonality between the parties in the two cases and is insufficient to establish that the parties are substantially the same or that *IRT II* will dispose of the claims in this case. This case and *IRT II* are not parallel, so the court can't proceed under the R.R. Street & Co. v. Vulcan Materials analysis to reach the Wilton/Brillhart and Colorado River doctrines.

But as Saturday Evening points out, it doesn't seek the court's dismissal or abstention from this case, it merely seeks a temporary stay while the Indiana appellate courts decide *IRT II*. District courts possess "the inherent power to manage [their] own docket[s] and may use [their] authority to stay proceedings." Nextt Solutions, LLC v. XOS Technologies, Inc., No. 3:13-cv-1030-JTM-CAN, 2015 WL 13819798, at *1 (N.D. Ind. Apr. 27, 2015) (citation omitted); Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936). The party requesting a stay bears the burden of showing that the court's exercise of discretion is warranted by the circumstances. Nken v. Holder, 556 U.S. 418, 433-434 (2009). Courts in this circuit consider a number of factors in determining whether to grant a stay, including "(1) whether the litigation is at an early stage . . . ; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3)

5

whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." Tonn & Blank Const., LLC v. Sebelius, 968 F. Supp. 2d 990, 993 (N.D. Ind. 2013) (quoting Grice Eng'g, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). The possibility of inconsistent rulings also weighs in favor of granting a stay. *E.g.,* Nextt Solutions, LLC v. XOS Technologies, Inc., 2015 WL 13819798, at *2.

Neither party directly outlined arguments according to these factors in their motion or response, but each adequately addressed those concerns in their arguments about Wilton/Brillhart and Colorado River. Saturday Evening asserts that this case is "still in its infancy." [Doc. No. 34 at 15]. It also says neither party would be prejudiced by a stay because they would both benefit from knowing the outcome in *IRT II* before having to proceed in this case, and it references Cincinnati Insurance's consent to the stay for *IRT I* as evidence of lack of prejudice. Saturday Evening also argues *IRT II* will resolve one of the main issues of law in this case—whether the coronavirus's presence physically alters property. Saturday Evening also says a stay would prevent inconsistent outcomes between state and federal cases on the same issue of state law. Saturday Evening outlines other points of similarity between this case and *IRT II*: the insurance companies in both cases use the same coverage forms with the same key provisions and the two cases will involve similar evidence to demonstrate the virus's ability to physically alter property. Throughout its

6

briefing, Saturday Evening urges this court to stay the case until the Indiana Supreme Court—not just the court of appeals—weighs in on *IRT II*.

Cincinnati Insurance doesn't seem to dispute that this case is at an early stage or that it wouldn't be prejudiced by staying this case. It argues that different parties are involved in the two cases, so *IRT II* wouldn't resolve the claims in this case or have any *res judicata* effect. It says *IRT II* won't reduce the evidentiary showing that Saturday Evening will have to make, which indicates that a stay wouldn't reduce the burden on the parties or the court. Finally, Cincinnati Insurance argues that this case can be decided without waiting for the *IRT II* appeals to finish because there are at least two existing authoritative opinions on the issues in this case: *IRT I* and Circle Block Partners, LLC v. Fireman's Fund Ins. Co., 44 F.4th 1014 (7th Cir. 2022).

*IRT II*'s resolution is likely to influence the parties' litigation tactics in this case, and it might provide useful guidance to the court when it decides Cincinnati Insurance's motion to dismiss. But that doesn't mean it will simplify the issues, streamline a trial, or reduce the burden on the parties or the court in this case. *See* Grice Eng'g v. JG Innovations, 691 F. Supp. at 921.

Besides, Circle Block v. Fireman's Fund addresses both questions that were bifurcated in *IRT I* and *IRT II*. Saturday Evening tries to distinguish Circle Block v. Fireman's Fund because it involved a different insurance policy (which excluded air from the definition of insured property). Although Indiana Repertory Theatre and Saturday Evening may also be able to argue about the virus's effect

7

on the air in their respective cases, this doesn't warrant disregarding controlling circuit guidance. *See* United States v. Glaser, 14 F.3d 1213, 1216 (7th Cir. 1994) (decisions by the circuit court are binding authority on district courts). Moreover, "[a] decision by a state's supreme court terminates the authoritative force of [the circuit court's] decisions interpreting state law . . . . But decisions of intermediate state courts lack similar force; they . . . are just prognostications." Reiser v. Residential Funding Corp., 380 F.3d 1027, 1029 (7th Cir. 2004). *IRT II* is before the court of appeals; the parties to that case could choose not to appeal or the supreme court could deny transfer, as it did for *IRT I*. It would be inappropriate for this court to grant a stay when the questions presented in this case have been answered by the circuit court, merely because the Indiana Supreme Court might in the future hear *IRT II* or a similar case.

Saturday Evening hasn't established that the court should exercise its discretion to stay the case.

*Conclusion*

The court DENIES Saturday Evening Post Society's motion to stay. [Doc. No. 33].

SO ORDERED.

ENTERED: <u>November 8, 2022</u>

<u>/s/ Robert L. Miller, Jr.</u><br>Judge, United States District Court

Distribution to all counsel of record via CM/ECF.